UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHOTTENFELD QUALIFIED ASSOCIATES LP, on behalf of itself and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>WORKSTREAM, INC., MICHAEL MULLARKEY, and DAVID POLANSKY,<br><br>     Defendants. | CASE No. 05-CV-7092 (CLB) |

**FINAL JUDGMENT ORDER**[1]

WHEREAS, the above-captioned litigation is pending before this Court; and,

WHEREAS, this matter having come before the Court for hearing, pursuant to the Preliminary Order of this Court, dated March 11, 2008, on the application of the Class Plaintiffs, for themselves and on behalf of the Class and the Defendants, for approval of the Settlement of the Class Action set forth in the Stipulation and Agreement of Settlement, dated as of March 7, 2008, and due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Settlement Agreement, including all Class Members. The Court is a proper and convenient venue for the consideration, approval and administration of the Settlement.

---

[1] All capitalized terms (together with their cognate forms) used herein, and not otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

2.      Based upon the evidence submitted, the Court finds that the Notice was disseminated in accordance with the Preliminary Order and that the Publication Notice was published in accordance with that Preliminary Order. The Notice given to the Class of the Settlement and other matters set forth therein was the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided due and adequate notice of, among other things, these proceedings and the matters set forth in the Settlement Agreement, including the proposed Class Settlement, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3.      A full opportunity having been offered to the Class Members to participate in the Settlement Hearing, it is hereby determined that all Class Members, other than those Persons who have requested exclusion from the Class in accordance with the terms of the Notice, are bound by this Order.

4.      Pursuant to Rule 23, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, adequate and reasonable, meets the requirements of due process, and is in the best interests of the Class Members, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, and the intensive arm's length negotiation of experienced counsel. The Court further directs that the Class Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

5.      Upon the Effective Date, the Class Plaintiffs and each of the Settling Class Members, and as to those Class Plaintiffs and Settling Class Members who are natural persons, on behalf of their heirs, executors, administrators, personal representatives, successors and

assigns, and with respect to all Class Plaintiffs and Settling Class Members who are trustees, guardians, conservators, attorneys-in-fact or other agents who purchased or otherwise acquired Workstream shares during the Class Period in such capacity, all those upon whose behalf they act or acted as such, and with respect to all Class Plaintiffs and Settling Plaintiffs who are corporations, partnerships or other legal entities, their successors and assigns, and regardless of whether any of the foregoing ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Class Settlement Fund or Net Class Settlement Fund established pursuant to the Settlement Agreement, for good and sufficient consideration, by operation of this Final Judgment Order, shall be deemed to have, and by operation of this Final Judgment Order shall have, fully, finally, and forever released, relinquished and discharged as by an instrument under seal, any and all of the Settled Claims, including Unknown Claims, against all of the Defendants and the other Released Parties, shall have covenanted not to sue the Defendants or the other Released Parties with respect to all such Settled Claims, and shall be permanently barred and enjoined from instituting, commencing, maintaining, prosecuting, asserting or participating in, either directly or indirectly, any action or other proceeding relating in any way to, or otherwise asserting, any of the Settled Claims, including all Unknown Claims, against any of the Defendants or the other Released Parties. The Class Plaintiffs and all Settling Plaintiffs shall further and conclusively be deemed to have waived the rights afforded by California Civil Code Section 1542 and any similar statute or law, or principle of common law of any jurisdiction.

6. The Persons, if any, whose names appear on Attachment 1 hereto purport to have been shareholders of Workstream during the Class Period and have duly and timely requested exclusion from the Class, and are hereby excluded from the Class. They are not bound by this

Final Judgment Order, and they may not under any circumstances make any claim to or receive any benefits of the Settlement. Said excluded persons may not pursue any Settled Claim on behalf of those who are bound by the Final Judgment Order. Each Class Member not appearing on Attachment 1 is bound by this Final Judgment Order, and will remain forever bound, regardless of whether such member files a Proof of Claim.

7. This Court hereby dismisses the Complaint and the Class Action with prejudice in their entirety, on the merits, as against all Defendants, as well as all Settled Claims (as that term is defined in the Settlement Agreement) that were made, could have been made, or could be made in the future, in the Class Action, or in any other action or proceeding as against the Defendants on the merits with prejudice in their entirety, and in full and final discharge of any and all Settled Claims against the Defendants and the Released Parties, and without costs (except as set forth in the Settlement Agreement), such dismissal to be binding on the Class Plaintiffs and all Settling Plaintiffs.

8. Pursuant to 15 U.S.C. § 78c-4, the Court hereby permanently bars and enjoins any future claims for contribution arising out of the Class Action or the Settled Claims: (a) by any Person against the Released Parties; and (b) by the Released Parties against any Person, other than a Person whose liability has not been extinguished by the Settlement reached herein by the Released Parties.

9. Upon the Effective Date, the Class Plaintiffs and Class Members shall be deemed to have, and by operation of this Final Judgment Order shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Released Parties from all Settled Plaintiffs' Claims.

10.     Upon the Effective Date, the Defendants shall be deemed to have, and by operation of this Final Judgment Order shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Plaintiffs and Lead Plaintiffs' Counsel from all Settled Defendants' Claims.

11.     Pursuant to 15 U.S.C. § 78c-4(c)(1), the Court hereby finds that each of the Parties and each attorney representing any party in the Class Action complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the Class Action was not brought for any improper purpose and was not unwarranted under existing law or legally frivolous.

12.     Neither the Settlement, nor this Final Judgment Order, nor the Settlement Agreement, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings connected with it shall: (a) be offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Class Plaintiffs or the validity of any claim that has been or could have been asserted in the Class Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any other proceedings, or of any alleged liability, negligence, fault, or wrongdoing of the Released Parties, or of an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; (b) be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties or against the Class Plaintiffs or the Class as evidence of any infirmity in the claims of the Class Plaintiffs or the

5

Class; (c) be offered or received against the Released Parties or against the Class Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to this Final Judgment Order to effectuate the liability protection granted them hereunder, including filing the Settlement Agreement and/or the Final Judgment Order in any action, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (d) be construed as, or received in evidence as, an admission, concession or presumption against the Class Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the operative complaint would not have exceeded the amount paid in settlement of the Class Plaintiffs' and Class Members' claims; and (e) be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in the Class Action.

13.    The Court hereby approves the Plan of Allocation as set forth in the Notice and the Settlement Agreement as fair and reasonable and in the best interests of the Class. Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions. The Court further declares that any appeal of the approval of the Plan of Allocation, attorneys' fees or costs shall not prevent the settlement from becoming effective.

14. The hearing held pursuant to this Court's Order, dated March 11, 2008, and the Notice given to the Settlement Class complied in all respects with Section 3(a)(10) of the Securities Act of 1933. Accordingly, after sufficient notice and opportunity for objection, the Workstream Common Stock to be paid to the Settlement Fund, if any, is exempt from registration under Section 3(a)(10) of the Securities Act of 1933, as amended.

15. The Class Plaintiffs' Counsel are hereby awarded twenty-five percent (25%) of the Gross Class Settlement Fund in fees, which the Court finds to be fair and reasonable, $38,882.48 in reimbursement of costs and other expenses, and $25,000.00 for SQA and $7,000.00 for Barany, as payments, expense reimbursements and/or service awards, in connection with the prosecution of this Class Action, which payments have been shown to be of the type permissible under the PSLRA. If a timely appeal from this Final Judgment Order is taken and not withdrawn, those fees, costs and other expenses shall be paid from the Class Escrow Account, with interest from the date the Class Escrow Account was funded to the date of such payment, at the same net interest rate that the Class Escrow Account earned prior to the date of the payment of those attorneys' fees and expenses. Any award of attorneys' fees shall be allocated among the Lead Plaintiffs' Counsel in a fashion which, in the sole opinion and discretion of the Lead Plaintiffs' Counsel, fairly compensates the Class Plaintiffs' Counsel for their respective contributions in the prosecution of the Class Action. Lead Plaintiffs' Counsel may, subsequent to the payment of those attorneys' fees hereinbefore described in this paragraph, apply to the Court for an award from the Gross Class Settlement Fund of additional attorneys' fees and for reimbursement of additional costs and other expenses incurred in connection with the further administration of the Settlement.

16. Without affecting the finality of this Final Judgment Order in any way, the Court retains jurisdiction over the Class Plaintiffs, the Class Members and the Defendants for all matters relating to the Class Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and the Final Judgment Order, and including any application for fees and expenses incurred in connection with the administration and distribution of the settlement proceeds to the Class Members.

17. In the event the Effective Date does not occur, this Final Judgment Order shall be rendered null and void and shall be vacated and, *nunc pro tunc*, and the provisions of paragraph 31 of the Settlement Agreement shall apply, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Gross Class Settlement Fund, or any portion thereof or interest thereon, if previously paid by or on behalf of the Released Parties, shall revert to the Insurer, minus the Administration Costs already paid or incurred.

18. Without further order of the Court, the parties to the Settlement Agreement may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19. This Final Judgment Order is a final judgment in the Class Action as to all claims among the Defendants and the Released Parties on the one hand, and the Class Plaintiffs and Settling Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Final Judgment Order and expressly directs immediate entry of judgment as set forth therein.

20. Entry of final judgment and final approval of the Settlement settles and disposes of all claims that have been asserted or could have been asserted in the Class Action.

Dated: August 12, 2008
White Plains, New York

SO ORDERED:

_____
HON. STEPHEN C. ROBINSON
(for The Hon. Charles L. Brieant)
United States District Judge